**Karen OVERALL and Arthur Dunham, Plaintiffs**

v.

**The UNIVERSITY OF PENNSYLVANIA and Gail K. Smith, Defendants**

**No. CIV.A.02–1628.**

United States District Court, E.D. Pennsylvania.

Sept. 23, 2005.

Stanley B. Cheiken, Jenkintown, PA, for Plaintiffs.

Michael E. Dash, Jr., Morgan Lewis & Bockius LLP, Philadelphia, PA, for Defendants.

**MEMORANDUM OPINION AND ORDER**

RUFE, District Judge.

On December 19, 2003, this Court granted summary judgment in favor of defen-

dants on all eleven counts of Plaintiffs' complaint.[1] Plaintiffs appealed that decision on four of the eleven claims: defamation, fraudulent misrepresentation, retaliation, and employment discrimination. The Third Circuit Court of Appeals affirmed the trial court's ruling on three of the four claims, but reversed and remanded on Plaintiffs' defamation claim.[2] On remand, before the Court is Plaintiffs' lone state law claim. For the reasons that follow, the Court declines to exercise its discretion to maintain that claim.[3]

■ Section 1367(c)(3) of Title 28 of provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...."[4] In exercising its discretion to accept or decline supplemental jurisdiction over a claim, a court "should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"[5] As section 1367's commentary explains, the rationale of section 1367(c)(3) is that "once the crutch [of the federal question issue] is removed ... the [state law] issue should not remain for adjudication."[6] Moreover, the commentary notes that "in this category judicial discretion is a particularly important element."[7]

Defendants state that the *Growth Horizons* court suggested that a "District Court should exercise supplemental jurisdiction over [the] state law claim, notwithstanding prior disposition of federal question claims ..., [where] the court 'has already heard all the evidence necessary to reach a decision' on the state law claim."[8] Additionally, defendants point to language in the commentary concerning section 1367(c)(3), which advises that a court's decision concerning whether to exercise its discretion to decline to hear a litigant's supplemental claims

> should hinge on the moment within the litigation when the dismissal of the touchstone claim takes place and on the other surrounding circumstances .... If the dismissal of the main claim occurs late in the action, ... knocking [the dependent claim] down with a belated rejection of supplemental jurisdiction *may* not be fair.[9]

In *Growth Horizons*, the trial court had already held a trial on the merits of the state law claim and had heard all of the evidence "necessary to reach a decision on the plaintiff's [state law] claim."[10] Here, plaintiff's defamation claim is before the Court on remand from appeal. The appellate court reversed this Court's conclusion that defendant Smith's allegedly defamatory statements were shielded from attack

---

1. *Overall v. Univ. of Pa.*, 2003 WL 23095953 (E.D.Pa. Dec. 19, 2003).

2. *Overall v. Univ. of Pa.*, 412 F.3d 492 (3d Cir.2005).

3. For the sake of brevity, the Court hereby incorporates its earlier Memorandum Opinion for its summary of the factual and procedural history of the case.

4. 28 U.S.C. § 1367(c)(3)(2000).

5. *Growth Horizons, Inc. v. Del. County*, 983 F.2d 1277, 1284 (1993) (quoting *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

6. David D. Siegel, Practice Commentary, appended to 28 U.S.C. § 1367 (1993).

7. *Id.*

8. Def. Letter Br. 3 (quoting *Growth Horizons*, 983 F.2d at 1285).

9. Siegel, Practice Commentary (emphasis added).

10. *Growth Horizons*, 983 F.2d at 1285.

on the basis of Pennsylvania's quasi-judicial privilege. Thus, unlike the claim that had been fully litigated in *Growth Horizons*, plaintiff's defamation claim is before the court anew, and demands reconsideration of all of the evidence on the issue of defamation. Moreover, the *Growth Horizons* court noted that the circumstance in that case *"may* cause the district court to decide that claim rather than dismiss it." [11] This language mirrors the precatory language of the commentary to the statute to develop a consistent theme: the ultimate decision on this issue is within the sound discretion of the Court.

The contour of the Court's discretion is provided by the factors set forth in *Gibbs:* judicial economy, convenience, and fairness to the parties. Defendants fail to persuade the Court that, although this case has been before the Court for "more than three years," remanding the case to state court would somehow be uneconomical or "prejudic[ial] to the parties." [12] The defamation claim is at its earliest stages after remand, and there would be no waste of judicial resources to remand the case at this point to state court. Remand at this juncture provides a clean break in this odyssey that would allow a state court to resolve a discrete claim under Pennsylvania law.

Nor does convenience weigh against a remand, because all of the parties reside in Philadelphia where either the state court or federal court would hear the remaining claim. However, fairness to the parties is a particularly significant factor. Where, as here, the plaintiff seeks to litigate her state claim in state court, principles of basic fairness suggest she be allowed to do so.

Finally, this issue recalls the principles underlying the federal removal statute.[13] The basic rationale behind the removal statute is to allow federal courts to resolve federal questions. Similarly, Plaintiff now seeks the opportunity to have a state court resolve her state law claim, as no federal claims remain.

An appropriate Order follows.

### ORDER

**AND NOW**, this 23rd day of September 2005, upon consideration of the Court's discretion to decline to exercise jurisdiction over Plaintiffs' remaining state law claim, and for the reasons set forth in the attached Memorandum Opinion, it is hereby ORDERED as follows:

1. Plaintiff's claim for defamation is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. section 1367(c)(3).

2. The Clerk of Court shall mark this case closed for statistical purposes.

It is so **ORDERED.**

---

11. *Id.* (emphasis added).

12. Def. Letter Br. 2, 3.

13. *See* 28 U.S.C. § 1441(a)(1993).